JS-6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CRISTINO VENEGAS DIAZ,<br>Petitioner,<br>v.<br>WARDEN ET AL.,<br>Respondents. | Case No. 5:26-cv-04577-AYP<br>**ORDER DISMISSING PETITION WITHOUT PREJUDICE AS MOOT** |

## I. FACTUAL AND PROCEDURAL HISTORY

On August 13, 2026, Petitioner, Cristino Venegas Diaz, an immigration detainee, filed a Petition ("Petition") for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Dkt. No. 1.) Also on August 13, 2026, the Petitioner voluntarily consented to have a Magistrate Judge conduct all further proceedings in this case. (Dkt. No. 4.) That same day, the Court issued the Notice of General Order 26-05 and Briefing Schedule. (Dkt. No. 6.) Respondents filed an Answer to the Petition on August 20, 2026. (Dkt. No. 9.) On October 10, 2026, Respondents filed a Notice of Intended Transfer stating, Petitioner "is scheduled for transfer outside of the Central District of

California on or after October 9, 2026 to effectuate his removal to Mexico in accordance with the grant of pre-conclusion voluntary departure in lieu of removal pursuant to an order issued on September 14, 2026." (Dkt. No. 10; *see also* Dkt. No. 10-2 at 2.) The Court ordered Parties to file a joint status report no later than twenty (20) days from the date of the Order addressing whether Petitioner intends to file a voluntary dismissal. (Dkt. No. 11.) On October 26, 2026, Respondents filed a status report stating that "On October 23, 2026, Petitioner was removed from the United States in accordance with the grant of pre-conclusion voluntary departure in lieu of removal pursuant to an order of an Immigration Judge issued on September 14, 2026," and contend that the petition be dismissed. (Dkt. No. 12.) For reasons discussed below, the Court DISMISSES the Petition as moot.

## II. DISCUSSION

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *NAACP., Western Region v. City of Richmond*, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1984). *See Am. Tunaboat Ass'n v. Brown*, 67 F.3d 1404, 1407 (9th Cir. 1995) (stating that a case is moot if it does not present a live controversy for which relief can be granted). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (*per curiam*) (quoting *Aetna Life Ins. Co. v. Hayworth*, 300 U.S. 227, 240-241 (1937)).

The Court finds the Petition is now moot. Petitioner filed the instant Petition challenging his continued detention by Immigration and Customs

Enforcement ("ICE"). (Dkt. No. 1.) Respondents stated on October 2, 2026, that "On October 1, 2026, ICE served a Notification of Removal on Petitioner. . . The Notification informs Petitioner that he is scheduled for transfer outside of the Central District of California on or after October 9, 2026 to effectuate his removal to Mexico in accordance with the grant of pre-conclusion voluntary departure in lieu of removal pursuant to an order issued on September 14, 2026." (Dkt. No. 10.) On October 23, 2026, Petitioner was in fact removed to Mexico in accordance with the grant of pre-conclusion voluntary departure in lieu of removal pursuant to an order of an Immigration Judge issued on September 14, 2026. (Dkt. No. 12.)

Petitioner challenged his continued and prolonged detention but has since been removed to Mexico. As such, Petitioner is no longer in federal custody. The Court finds that no live case or controversy exists, and the Petition should be dismissed without prejudice as moot. *See Abdala v. I.N.S.*, 488 F.3d 1061, 1065 (9th Cir. 2007) (holding habeas petition challenging only length of immigration detention was moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention"); *see also Picrin-Peron v. Rison*, 930 F.2d 773, 776 (9th Cir. 1991) ("By his petition for habeas corpus, Picrin-Peron has requested only release from custody. Because he has been released, there is no further relief we can provide."). *See Liu v. Noem*, No. 5:26-CV-00891-MRA-PD, 2026 WL 1140133, at *2 (C.D. Cal. Apr. 10, 2026), *report and recommendation adopted,* No. 5:26-CV-00891-MRA-PD, 2026 WL 1137586 (C.D. Cal. Apr. 27, 2026) (same).

## III. CONCLUSION

IT IS ORDERED that the Petition is DISMISSED without prejudice and administratively closing the case.

Dated: October 29, 2026



HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE